IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KEVIN C. BYRD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:10cv923-CSC |
| | ) | (WO) |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I. Introduction**

This is the plaintiff's second case before this court. Byrd filed applications for disability insurance benefits and supplemental security income on August 11, 2005, alleging disability since July 1, 2005. (R. 182). After an unfavorable administrative decision, he had a hearing before an ALJ who rendered an unfavorable decision on June 27, 2007. After the Appeals Council denied review, Byrd appealed to this court which remanded the case to the Commissioner on November 10, 2008. *Byrd v. Astrue,* Civ. Act. No. 2:08cv67-SRW (M.D. Ala. 2009). Following the Appeals Council's remand of the case, an ALJ held a hearing and issued an unfavorable decision on November 25, 2009. The Appeals Council subsequently denied Byrd's request for review. The ALJ's decision consequently became the final decision

of the Commissioner of Social Security (Commissioner).[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The case is now before the court for review pursuant to 42 U.S.C. §§ 405 (g) and 1383(c)(3).  Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final judgment by the United States Magistrate Judge.  Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be affirmed.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...

To make this determination[2] the Commissioner employs a five step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Ingram v. Comm. of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004). A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986). The court "may not decide the facts anew, reweigh the evidence, or substitute . . . [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (alteration in original) (quotation marks omitted).

> [The court must, however,] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. DISCUSSION

**A. Introduction.** The plaintiff was 38 years old at the time of the second hearing before the ALJ. (R. 272). He completed the 11th grade. (R. 157). The plaintiff's prior work experience includes work as welder. (R. 158, 188). Following the administrative hearing, the ALJ concluded that the plaintiff has severe impairments of "history of grand mal seizures, hypertension, alcoholic pancreatitis, status post splenectomy and mulitple substance abuse." (R. 184). The ALJ concluded that the plaintiff was unable to perform his past relevant work, but, using the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P., App. 2, as a framework and relying on the testimony of a vocational expert, he also concluded that there were significant number of jobs in the national economy that the plaintiff could perform. (R. 188-89). Accordingly, the ALJ concluded that the plaintiff was not disabled. (R. 189).

**B. The Plaintiff's Claim.** As stated by the plaintiff, the sole issue before the court is "[t]he Commissioner's decision should be reversed because the ALJ failed to consider the effects of Mr. Byrd's medications on his ability to work." (Pl's Br. at 10, doc. 12). It is to this issue that the court now turns.

Byrd argues that this matter must be remanded so the ALJ can consider whether the side effects of his medications about which he testified to at his administrative hearing impair

his ability to work. (Pl's Br. at 10, doc. # 12). At his second administrative hearing, Byrd testified that his medication makes him "kind of drowsy," (R. 274, 277) and that he "can't hardly stay awake." (R. 277). Byrd and his attorney engaged in the following colloquy.

> Q: Pretend that I could snap my fingers, Kevin, and make your seizure disorder go away forever, but you would still have to take your present medication, would the medications themselves keep you from working?
> A: Yes, because I would be drowsy, like that just a few minutes ago, I was sleepy, you know, I can't hardly stay awake to keep – I forget a lot of stuff.
> Q: Memory?
> A: Yes.
> Q: How about concentration, do you believe that's –
> A: I totally lose it. Can't even keep a conversation sometimes without going to sleep or nodding off.
> Q: Well let's talk about that going to sleep, you were telling me one of the peculiarities resulting from your medication is you just fall asleep in the middle of the day, in the middle of a sentence, is that –
> A: That's correct.
> Q: – is that true?
> A: Yes, sir.
> Q: How often do you just fall asleep for no reason, I mean you're not trying to fall asleep, I guess?
> A: More than five times a day, I know that.

(R. 277-78).

The ALJ did not fully credit Byrd's testimony, and Byrd does not challenge her credibility determination. In her opinion, the ALJ states that when assessing Byrd's credibility regarding his symptoms and impairments, she considered several factors including objective medical evidence, daily activities, "[t]he location, duration, frequency, and intensity of the claimant's pain or other symptoms," aggravating or precipitating factors, "[t]he type, dosage, effectiveness, and *side effects* of any medication," treatment, and any other measures

and factors related to his pain and/or symptoms. (R. 185-86) (emphasis added). In addition, the ALJ noted that the plaintiff's treating physician, Dr. Johnson "stated that the claimant had no side effects from the claimant's prescribed medications." (R. 186). After considering the objective medical evidence including his treating physician's statement that he suffered no side effects from his medications, the ALJ found that Byrd's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent that they are inconsistent with the above residual functional capacity assessment." (R. 188). The ALJ concluded that Byrd had the residual functional capacity to perform a full range of work at all levels with non-exertional limitations that did not include a limitation due to drowsiness. (R. 185).

      The ALJ must consider the side effects of plaintiff's medication where their existence is supported by substantial evidence. *See Swindle v. Sullivan,* 914 F. 2d 222, 226 (11th Cir. 1990). The medical records contain no supporting evidence that the plaintiff complained about the side effects of his medications. Since the plaintiff filed for disability benefits in 2005, not once has he complained to his treating physicians that his medications were causing the severe drowsiness about which he testified to at the hearing. (R. 224-247). A review of treatment notes from twenty doctor's visits reveal not a single notation that the plaintiff's medications were causing him to be drowsy or fall asleep. (*Id*). His treating physician's statement dated March 7, 2006, specifically states that Byrd did not report any significant side effects from his medication. (R 130). Finally, Byrd did not mention any side

6

effects during his first administrative hearing, and there is no mention of side effects in any of his documentation filed in support of his claim for benefits.  In short, the ALJ properly considered the plaintiff's complaints about the side effects of his medication, but then discredited his testimony because the medical records do not support his allegations.  (R. 185-88).  Substantial evidence supports the ALJ's conclusion that the plaintiff's medications do not cause side effects which prevent him from working.

   Byrd's reliance on *McDevitt v. Comm'r of Soc. Sec.*, 241 Fed. Appx. 615, 2007 WL 2050910 (11th Cir. 2007), is misplaced because *McDevitt* is distinguishable from the case at bar.  In *McDevitt*, the claimant testified that his medication caused "extreme lack of concentration." *Id.* at 617.  The ALJ however specifically stated that "[t]he claimant did not mention any concentration or memory difficulties at the hearing," and found that his testimony was "somewhat exaggerated." *Id*. at 619.  The Eleventh Circuit found that the ALJ's statement regarding MeDevitt's testimony was inaccurate. *Id*.  Coupled with the ALJ's finding that his testimony was "somewhat exaggerated," the Court concluded that the ALJ's failure to resolve the conflict or make specific findings required the case to be reversed and remanded. *Id*.  Such is not the case here.  The ALJ stated that she considered Byrd's testimony as well as the objective medical evidence including his treating physician's statement that Byrd suffered from no side effects from his medications. (R. 185-86).  In her credibility determination, the ALJ specifically found that the evidence in the record "does not support the claimant's allegations of totally incapacitating symptomatology and the

claimant's statements regarding the severity, frequency, and duration of his symptoms are overstated." (R. 188).

To the extent that the plaintiff is arguing that the ALJ should have accepted his testimony regarding the effects of his medication on him, this court must accept the factual findings of the Commissioner if, as they are here, supported by substantial evidence and based upon the proper legal standards. *Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987).

## IV.  CONCLUSION

The court has carefully and independently reviewed the record and concludes that substantial evidence supports the ALJ's conclusion that plaintiff is not disabled.  Thus, the court concludes that the decision of the Commissioner is supported by substantial evidence and is due to be affirmed.

A separate final judgment will be entered.

Done this 12th day of January 2012.

       /s/Charles S. Coody
      CHARLES S. COODY
      UNITED STATES MAGISTRATE JUDGE